1  UNITED STATES DISTRICT COURT
2  EASTERN DISTRICT OF WASHINGTON

WENDLE MOTORS, INC.,

        Plaintiff,

        v.

RANDOLPH HONKALA and RENEE HONKALA, individually and the martial community comprised thereof,

        Defendants.

No. CV-06-0334-FVS

PRELIMINARY INJUNCTION

**THIS MATTER** came before the Court for a telephonic hearing on the Plaintiff's Motion for a Preliminary Injunction, Ct. Rec. 11, on December 20, 2006. The Plaintiff was represented by Richard D. Campbell. The Defendants were represented by Dustin Deissner and Russell Van Camp. This Order is intended to memorialize and supplement the Court's oral ruling.

In the Ninth Circuit, a party may obtain a preliminary injunction by showing either "a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." *Faith Ctr. Church Evangelistic Ministries v. Glover*, 462 F.3d 1194, 1201-02 (9th Cir. 2006); *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). This language does not refer to two distinct tests. Rather, the considerations recited above represent a sliding

PRELIMINARY INJUNCTION- 1

scale whereby an increase in the probability of success on the merits will compensate for a lesser probability of irreparable harm, and vice versa.  *Glover*, 462 F.3d at 1202.

The Court finds that serious questions have been raised and the balance of the hardships tips in favor of the Plaintiff.  As the Plaintiff has argued, the Plaintiff's goodwill and business reputation may be damaged by future Internet postings regarding the 500 GT convertible at issue in this case.  The Defendant has not suggested that the requested preliminary injunction would impose any hardship upon him.

The Court also finds that the security bond posted by the Plaintiff on December 15, 2006, pursuant to Federal Rule of Civil Procedure 65©) is sufficient.

**IT IS HEREBY ORDERED**:

1. The Plaintiff's Motion for a Preliminary Injunction, **Ct. Rec. 11**, is **GRANTED**.

2. Pending resolution of this litigation, the Defendants shall not destroy, delete, or alter electronically stored file information.

3. Pending resolution of this litigation, the Defendants shall not publish or distribute information about the sale or condition of the red GT 500 Convertible, VIN # 1ZVHT89S775233431.

4. Pending resolution of this litigation, the Defendants shall not publish or distribute information about Wendle Motors, Inc.

5. Pending resolution of this litigation, the Defendants shall not post information on the Internet concerning Wendle Motors, Inc. and the sale of the red GT 500 Convertible, VIN # 1ZVHT89S775233431.

PRELIMINARY INJUNCTION- 2

6. Pending resolution of this litigation, the Defendants shall not contact potential buyers of the red GT 500 Convertible, VIN # 1ZVHT89S775233431.

7. Pending resolution of this litigation, the Defendants shall not publish or distribute any proprietary information, trade secrets, or confidential information belonging to Wendle Motors, Inc.

8. Pending resolution of this litigation, the Plaintiff and the Defendants shall not engage in any business defamation of each other, or of each other's employees.

9. Paragraphs 2-8 of this Order shall remain in effect until the above encaptioned case is settled or this Court reaches a final determination on the merits.

10. The Defendants' oral motion to increase the amount of the Rule 65©)) security bond is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  29th  day of December, 2006.

                                     s/ Fred Van Sickle
                                         Fred Van Sickle
                               United States District Judge

PRELIMINARY INJUNCTION- 3